NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WESTERN CHALLENGER, LLC, an
Alaska limited liability company,

             Plaintiff-Appellant,

  v.

DON SEYMOUR; et al.,

             Defendants-Appellees.

No.   18-35389

D.C. No. 2:16-cv-00915-JCC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted March 6, 2019
Seattle, Washington

Before:  GOULD and PAEZ, Circuit Judges, and PREGERSON,[**] District Judge.

Western Challenger, LLC ("Western Challenger") appeals the district

court's grant of summary judgment to Defendants/Appellees Phil Essex, Moorsom

Consulting Group, LLC, and Germanischer Lloyd (USA) Inc. (collectively, "GL")

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **        The Honorable Dean D. Pregerson, United States District Judge for
the Central District of California, sitting by designation.

and partial grant of summary judgment to Defendant/Appellee Don Seymour. We have jurisdiction under 28 U.S.C. § 1292(a)(3) and **affirm**.

Western Challenger purchased a boat (the "Vessel") for use as fishing tender. Before such use, Western Challenger had to obtain a fishery endorsement and a coastwise endorsement from the Coast Guard. While Western Challenger was able to obtain a coastwise endorsement through special legislation, it has yet to obtain the fishery endorsement.

1.     There is no evidence that the Coast Guard's decision to deny Western Challenger a fishery endorsement, which resulted in Western Challenger's loss of use damages, was based upon any alleged breach by any Defendant. The Coast Guard requires evidence that the Vessel was converted from a minesweeper within the United States, and it is undisputed that Western Challenger possesses no such evidence.[1] The declaration of Heung Kim, with whom Western Challenger consulted, regarding his personal experience does not create a genuine dispute of material fact regarding Coast Guard protocols and requirements. Western Challenger cannot create a genuine dispute by speculating that, absent Defendants' alleged breaches, the Coast Guard would have (1) failed to conduct a required investigation or (2) issued a fishery endorsement even without the necessary

---

[1] It is unclear whether Western Challenger ever argued to the Coast Guard that the vessel was not actually "rebuilt" under 46 C.F.R. § 67.177(b)(3).

rebuild evidence.

2. Nor is there a genuine dispute of material fact regarding the relationship between Seymour's alleged negligent misrepresentations and Western Challenger's loss of use damages. It is undisputed that Western Challenger and Seymour contracted for and discussed tonnage certification issues, not the rebuild issues that, as discussed above, prevented Western Challenger from obtaining a fishery endorsement.

3. Western Challenger appears to have abandoned its agency argument that GL be held liable for Seymour's acts. In any event, there is no evidence in the record that GL gave Seymour actual authority to act as an agent or gave Western Challenger any reason to believe that Seymour had any such authority.

4. There is no evidence linking GL to Western Challenger's non-loss of use damages. Western Challenger could only obtain a coastwise endorsement through legislative efforts, regardless of whether one or more of the GL-issued tonnage certificates was inaccurate.

5. The district court did not erroneously grant summary judgment on any ordinary negligence claim sua sponte. As the district court noted, prior to Western Challenger's opposition to Defendants' second summary judgment motion, no party had discussed the negligence claim as anything other than a negligent misrepresentation claim. Indeed, in discussing the First Amended Complaint, the

substantive allegations of which were identical to those in the Second Amended Complaint, Western Challenger argued that it was asserting "both a breach of contract claim . . . as well as a claim for negligent misrepresentation." Furthermore, the Second Amended Complaint's negligence allegations make no mention of the existence of any duty.

Even if we consider Western Challenger's reference to an ordinary negligence claim in its summary judgment opposition as a motion for leave to amend the complaint, the district court, having previously granted Western Challenger leave to amend the First Amended Complaint, had "particularly broad" discretion in deciding whether to grant any such motion. *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (internal quotation omitted). The district court, which observed that the Second Amended Complaint "does not articulate sufficient facts to support a negligence claim[,]" did not abuse its discretion in not granting leave to amend.

**AFFIRMED.**